FILED
2022 Feb-01  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE ELLISON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| LAKELAND INDUSTRIES, INC., | ) | JURY DEMAND |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I.     JURISDICTION AND VENUE

1.    Plaintiff alleges Defendant subjected her to unlawful discrimination and practices in violation of federal law, Title VII, 42 U.S.C. § 1981, ADA and ADEA.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3.    Venue is proper in this Court because the Defendant employed the Plaintiff in Morgan County.

## II.     PARTIES

4.    Plaintiff is a fifty-seven year old African American female.

5.    Plaintiff is an adult citizen of the United States and resides in Morgan County, Alabama.

6.    Defendant, Lakeland Industries, Inc., (hereinafter "Defendant"), is a foreign corporation doing business in Decatur, Morgan County, Alabama.

7.    Defendant is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the ADA and the ADEA.

## III.    ADMINISTRATIVE PROCEDURES

8.    On April 28, 2021, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

9.    Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on November 1, 2021, and Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue. (Exhibit 2).

10.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.    STATEMENT OF FACTS

11.    Plaintiff incorporates paragraphs one (1) through ten (10) as if incorporated herein.

12.    Plaintiff is a fifty-seven year old African American female and began employment with the Defendant in or around July 2000.

13.     Plaintiff worked in the chemical division for approximately twelve years.

14.     In or around 2012, Plaintiff was transferred to the fire division and worked as a supervisor. Plaintiff trained employees and would fill in as a floater when employees were off work.

15.     In of around January 2020, the fire division was shut down and Plaintiff and other employees working the fire division were moved performing lab inspections and performing other jobs around the plant.

16.     In or around February 2020, Plaintiff was instructed to train two younger white employees from the fire division to work in the chemical department.

17.     In March 2020, Plaintiff was informed by Human Resources that she was being furloughed along with everyone else in the manufacturing department.

18.     However, two younger white female employees, Reba Haley and Holly Ashcorn, were not furloughed and were allowed to continue working.

19.     Plaintiff returned to work in August 2020, and asked her supervisor, Jennifer Weaver, white female, why Ms. Haley and Ms. Ashcorn were allowed to continue working when Plaintiff trained both on them and had twenty years seniority over both.

20.     Plaintiff's supervisor responded and stated, "Really? I am appalled that you would be upset about not working." Plaintiff responded, "really? I am appalled that you would think that I wouldn't be upset."

21.  Plaintiff's supervisor alleged that Plaintiff could not do the jobs of Ms. Haley and Ms. Ashcorn. However, Plaintiff trained both of these employees and was qualified to perform their job duties. Plaintiff also complained to Human Resources about these two white employees being allowed to work when she was laid off and that she trained these two employees.

22.  In September 2020, Defendant had another layoff and Plaintiff remained at work and was reassigned to the chemical division to work as a sealer, an entry level position.

23.  While working as a sealer in the chemical division Plaintiff suffered an on-the-job injury causing damage to her right arm and hand.

24.  Plaintiff continued to work while injured and on or about October 9, 2020, Plaintiff went to the doctor and provided her supervisor a copy of her medical restrictions.

25.  Plaintiff was reassigned to work in the reflective division after giving Defendant a copy of her medical restrictions.

26.  On or about October 15, 2020, Plaintiff was informed by her physician that she had to have surgery on both hands and needed to see an orthopedic surgeon and Plaintiff informed Defendant.

27.  Plaintiff's physician prescribed her medication and a brace for her hands.

28.  On or about November 5, 2020, Plaintiff's supervisor called her into the office

and informed her that she was being laid off due to lack of work.

29.   However, Ms. Haley and Ms. Ashcorn and other white employees were not

laid off. Plaintiff is not aware of any white employees being laid off at this

time.

30.   Plaintiff had a medical appointment on or about November 8, 2020 regarding

surgery.

31.   On November 10, 2020, Plaintiff received a call from Human Resources and

was asked to report to Defendant's plant the next day for a meeting. Plaintiff

reported to the plant on November 11, 2020 and met with the white Human

Resources employee and the white plant manager.

32.   In this meeting Plaintiff was given a general release/severance agreement to

sign that included a release of claims against Defendant and was informed that

she was terminated, and her medical insurance would end on November 30,

2020.

33.   Plaintiff was terminated on November 11, 2020.

## V.    STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 CLAIMS
OF RACE DISCRIMINATION AGAINST DEFENDANT**

34.   Plaintiff incorporates paragraphs one (1) through (10) as if fully set forth

herein.

35.     Plaintiff is a fifty-seven year old African American female and began
employment with the Defendant in or around July 2000.

36.     Plaintiff worked in the chemical division for approximately twelve years.

37.     In or around 2012, Plaintiff was transferred to the fire division and worked as
a supervisor. Plaintiff trained employees and would fill in as a floater when
employees were off work.

38.     In of around January 2020, the fire division was shut down and Plaintiff and
other employees working the fire division were moved performing lab
inspections and performing other jobs around the plant.

39.     In or around February 2020, Plaintiff was instructed to train two white
employees from the fire division to work in the chemical department.

40.     In March 2020, Plaintiff was informed by Human Resources that she was
being furloughed.

41.     However, the two white female employees, Reba Haley and Holly Ashcorn,
were not furloughed and were allowed to continue working.

42.     Plaintiff returned to work in August 2020, and asked her supervisor, Jennifer
Weaver, white female, why Ms. Haley and Ms. Ashcorn were allowed to
continue working when Plaintiff trained both on them and had twenty years
seniority over both.

43.   Plaintiff's supervisor responded and stated, "Really? I am appalled that you would be upset about not working." Plaintiff responded, "really? I am appalled that you would think that I wouldn't be upset."

44.   Plaintiff's supervisor alleged that Plaintiff could not do the jobs of Ms. Haley and Ms. Ashcorn. However, Plaintiff trained both of these employees and was qualified to perform their job duties.

45.   In September 2020, Defendant had another layoff and Plaintiff remained at work and was reassigned to the chemical division to work as a sealer, an entry level position.

46.   On or about November 5, 2020, Plaintiff's supervisor called her into the office and informed her that she was being laid off due to lack of work.

47.   However, Ms. Haley and Ms. Ashcorn and other white employees were not laid off. Plaintiff is not aware of any white employees being laid off at this time.

48.   Plaintiff had a medical appointment on or about November 8, 2020 regarding surgery.

49.   On November 10, 2020, Plaintiff received a call from Human Resources and was asked to report to Defendant's plant the next day for a meeting. Plaintiff reported to the plant on November 11, 2020 and met with the white Human Resources employee and the white plant manager.

50.    In this meeting Plaintiff was given a general release/severance agreement to sign that included a release of claims against Defendant and was informed that she was terminated, and her medical insurance would end on November 30, 2020.

51.    Plaintiff was terminated on November 11, 2020.

52.    Defendant denied Plaintiff work and terminated her employment when white employees were not terminated.

53.    Prior to her termination, Plaintiff was a good employee who was qualified to perform numerous positions.

54.    Plaintiff was subjected to discriminatory terms and conditions of employment and her race factored into these decisions and was one of the reasons for Defendant's discriminatory treatment of Plaintiff.

55.    Defendant condoned and tolerated race discrimination, and Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended and 42 U.S.C. § 1981, as amended.

56.    Defendant's actions are willful and have caused Plaintiff harm.

57.    Defendant's actions are reckless and have caused Plaintiff harm.

58.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney's fees, injunctive relief and declaratory judgment is her

only means of securing adequate relief.

59.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

60.     Plaintiff has suffered embarrassment, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendants' unlawful conduct.

61.     Plaintiff's race was a motivating factor in the decisions to deny Plaintiff work and terminate her employment.

62.     Defendant has a habit and/or practice of discriminating against older employees and condoning and/or allowing age discrimination.

63.     Supervisors and managers employed by Defendant have engaged in these discriminatory and unlawful practices, were aware these unlawful practices by other employees, or encouraged and/or condoned these unlawful practices.

64.     Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

65.     Defendant's dissemination of any policies prohibiting race discrimination and reporting procedures has been ineffective.

66.     Plaintiff has been directly affected by the racially discriminatory practices described in this Complaint.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

68.     The Plaintiff has satisfied all administrative prerequisites.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, costs; and,

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

## PLAINTIFF'S ADEA DISCRIMINATION CLAIMS

69.   Plaintiff incorporates paragraphs one (1) through ten (10) as if incorporated herein.

70.   Plaintiff is a fifty-seven year old African American female and began employment with the Defendant in or around July 2000.

71.   Plaintiff worked in the chemical division for approximately twelve years.

72.   In or around 2012, Plaintiff was transferred to the fire division and worked as a supervisor. Plaintiff trained employees and would fill in as a floater when employees were off work.

73.   In of around January 2020, the fire division was shut down and Plaintiff and other employees working the fire division were moved performing lab inspections and performing other jobs around the plant.

74.   In or around February 2020, Plaintiff was instructed to train two younger, less senior employees from the fire division to work in the chemical department.

75.   In March 2020, Plaintiff was informed by Human Resources that she was being furloughed.

76.   However, the two younger, less senior employees, Reba Haley and Holly Ashcorn, were not furloughed and were allowed to continue working.

77.   Plaintiff returned to work in August 2020, and asked her supervisor, Jennifer

Weaver why Ms. Haley and Ms. Ashcorn were allowed to continue working when Plaintiff trained both on them and had twenty years seniority over both.

78.   Plaintiff's supervisor responded and stated, "Really? I am appalled that you would be upset about not working." Plaintiff responded, "really? I am appalled that you would think that I wouldn't be upset."

79.   Plaintiff's supervisor alleged that Plaintiff could not do the jobs of Ms. Haley and Ms. Ashcorn. However, Plaintiff trained both of these employees and was qualified to perform their job duties.

80.   On or about November 5, 2020, Plaintiff's supervisor called her into the office and informed her that she was being laid off due to lack of work.

81.   However, Ms. Haley and Ms. Ashcorn and other younger employees were not laid off.

82.   On November 10, 2020, Plaintiff received a call from Human Resources and was asked to report to Defendant's plant the next day for a meeting. Plaintiff reported to the plant on November 11, 2020 and met with the white Human Resources employee and the white plant manager.

83.   In this meeting Plaintiff was given a general release/severance agreement to sign that included a release of claims against Defendant and was informed that she was terminated, and her medical insurance would end on November 30, 2020.

84.    Plaintiff was terminated on November 11, 2020.

85.    Upon information and belief, Defendant replaced Plaintiff with someone younger.

86.    Plaintiff's age, over forty, was a motivating factor in and/or the but-for cause of her termination.

87.    Defendant has a habit and/or practice of discriminating against older employees and condoning and/or allowing age discrimination.

88.    Supervisors and managers employed by Defendant have engaged in these discriminatory and unlawful practices, were aware these unlawful practices by other employees, or encouraged and/or condoned these unlawful practices.

89.    Defendant failed to train its employees on its purported policies prohibiting age discrimination and reporting procedures.

90.    Defendant's dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

91.    Plaintiff has been directly affected by the discriminatory practices described in this Complaint.

92.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADEA;

b.    Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the ADEA;

c.    Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, back pay, front pay, liquidated damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## PLAINTIFF'S ADA/ADAAA CLAIMS

93.    Plaintiff incorporates paragraphs one (1) through ten (10) as if incorporated herein.

94.    Plaintiff is a fifty-seven year old African American female and began employment with the Defendant in or around July 2000.

95.    Plaintiff worked in the chemical division for approximately twelve years.

96.    In or around 2012, Plaintiff was transferred to the fire division and worked as a supervisor. Plaintiff trained employees and would fill in as a floater when employees were off work.

97.    In of around January 2020, the fire division was shut down and Plaintiff and other employees working the fire division were moved performing lab inspections and performing other jobs around the plant.

98.    In March 2020, Plaintiff was informed by Human Resources that she was being furloughed.

99.    Plaintiff returned to work in August 2020.

100.   In September 2020, Defendant had another layoff and Plaintiff remained at work and was reassigned to the chemical division to work as a sealer, an entry level position.

101.   While working as a sealer in the chemical division Plaintiff suffered an on-the-job injury causing damage to her right arm and hand.

102.   Plaintiff continued to work while injured and on or about October 9, 2020, Plaintiff went to the doctor and provided her supervisor a copy of her medical restrictions.

103.   Plaintiff was reassigned to work in the reflective division after giving Defendant a copy of her medical restrictions.

104. On or about October 15, 2020, Plaintiff was informed by her physician that she had to have surgery on both hands and needed to see an orthopedic surgeon and Plaintiff informed Defendant.

105. Plaintiff's physician prescribed her medication and a brace for her hands.

106. On or about November 5, 2020, Plaintiff's supervisor called her into the office and informed her that she was being laid off due to lack of work.

107. However, other employees were not laid off.

108. Plaintiff had a medical appointment on or about November 8, 2020 regarding surgery.

109. On November 10, 2020, Plaintiff received a call from Human Resources and was asked to report to Defendant's plant the next day for a meeting. Plaintiff reported to the plant on November 11, 2020 and met with the white Human Resources employee and the white plant manager.

110. In this meeting Plaintiff was given a general release/severance agreement to sign that included a release of claims against Defendant and was informed that she was terminated, and her medical insurance would end on November 30, 2020.

111. Plaintiff was terminated on November 11, 2020.

112. The Defendant terminated Plaintiff and her disability and/or perceived disability factored into the decision to deny Plaintiff work and terminate her

employment.

113.    Defendant regarded Plaintiff as disabled when it made the decision to deny her employment and terminate her employment.

114.    The Defendant has subjected Plaintiff to adverse treatment, including termination, with respect to the terms and conditions of her employment in violation of the ADA/ADAAA.

115.    Plaintiff has been terminated in violation of the ADA/ADAAA.

116.    Defendant's illegal discriminatory, and adverse actions have injured the Plaintiff.

117.    Defendant's actions are willful and have caused Plaintiff harm.

118.    Defendant's actions are reckless and have caused Plaintiff harm.

119.    Defendant has a habit and/or practice of taking adverse action against employees with a disability or employees they perceive to be disabled.

120.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

121.    Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that the Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b.     Grant the Plaintiff a permanent injunction enjoining the Defendant, their Agents, Successors, Employees, Attorneys, and those acting in concert with the Defendant or at the Defendant's request from violating the ADA/ADAAA;

c.     Grant the Plaintiff an Order requiring the Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**COUNT FOUR**

**PLAINTIFF'S TITLE VII AND 42 U.S.C S 1981 RETALIATION CLAIMS**

122.  Plaintiff incorporates paragraphs one (1) through ten (10) as if incorporated herein.

123.  Plaintiff is a fifty-seven year old African American female and began

employment with the Defendant in or around July 2000.

124.   Plaintiff worked in the chemical division for approximately twelve years.

125.   In or around 2012, Plaintiff was transferred to the fire division and worked as a supervisor. Plaintiff trained employees and would fill in as a floater when employees were off work.

126.   In of around January 2020, the fire division was shut down and Plaintiff and other employees working the fire division were moved performing lab inspections and performing other jobs around the plant.

127.   In or around February 2020, Plaintiff was instructed to train two younger white employees from the fire division to work in the chemical department.

128.   In March 2020, Plaintiff was informed by Human Resources that she was being furloughed along with everyone else in the manufacturing department.

129.   However, two younger white female employees, Reba Haley and Holly Ashcorn, were not furloughed and were allowed to continue working.

130.   Plaintiff returned to work in August 2020, and asked her supervisor, Jennifer Weaver, white female, why white employees Ms. Haley and Ms. Ashcorn were allowed to continue working when Plaintiff trained both on them and had twenty years seniority over both. Plaintiff also complained to Human Resources and asked why these two white employees that she trained were allowed to work when she was sent home. Plaintiff also complained to Human

Resources that she trained these white employees and could perform their job duties.

131.   Plaintiff's supervisor responded and stated, "Really? I am appalled that you would be upset about not working." Plaintiff responded, "really? I am appalled that you would think that I wouldn't be upset."

132.   Plaintiff's supervisor alleged that Plaintiff could not do the jobs of Ms. Haley and Ms. Ashcorn. However, Plaintiff trained both of these employees and was qualified to perform their job duties.

133.   On or about November 5, 2020, Plaintiff's supervisor called her into the office and informed her that she was being laid off due to lack of work.

134.   However, Ms. Haley and Ms. Ashcorn and other white employees that had not complained and engaged in protected activity were not laid off.

135.   On November 10, 2020, Plaintiff received a call from Human Resources and was asked to report to Defendant's plant the next day for a meeting. Plaintiff reported to the plant on November 11, 2020 and met with the white Human Resources employee and the white plant manager.

136.   In this meeting Plaintiff was given a general release/severance agreement to sign that included a release of claims against Defendant and was informed that she was terminated, and her medical insurance would end on November 30, 2020.

137.   Plaintiff was terminated on November 11, 2020.

138.   There is a causal connection between Plaintiff's complaints and the adverse actions she has been subjected to.

139.   Defendant's retaliation against Plaintiff for her complaints and protected activity have caused Plaintiff injury.

140.   Defendant has failed and/or refused to properly train its employees regarding its antiretaliation policies.

141.   Defendant has allowed and/or condoned retaliation of Plaintiff and other employees who have engaged in protected activity.

142.   Defendant has violated its own antiretaliation policies and the law and retaliated against Plaintiff.

143.   Defendant's actions are willful and have caused Plaintiff harm.

144.   Defendant's actions are reckless and have caused Plaintiff harm.

145.   As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

146.   Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of

705941f26faec529

career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in further retaliation;

B.     Order Defendant to institute and carry out policies, practices, and programs that prevent retaliation;

C.     Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages;

D.     Award Plaintiff compensatory, punitive, and liquidated damages;

E.     Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.     Award such other and further relief this Court deems necessary and proper.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

*Cynthia Forman Wilkinson*
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM**, **PC**
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:
Ms. Jacqueline Ellison
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**
Lakeland Industries, Inc.
c/o CT Corporation
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2021-01717 |
| | | and EEOC |

State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.)
Ms. Jacqueline Ellison

**Home Phone** (Incl. Area Code): (b) (7)(C) 1 line redacted

**Date of Birth**: 1964

**Street Address**: (b) (7)(C) 1 line redacted

**City, State and ZIP Code**: Decatur, AL 35603

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name**: Lakeland Industries

**No. Employees, Members**: 1500+

**Phone No.** (Incl. Area Code): (256) 350-3873

**Street Address**: 202 Pride Lane

**City, State and ZIP Code**: Decatur, AL 35603

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 03/31/2020   Latest: 11/05/2020

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I am an African American female, age 56, and I began working at the above-referenced employer on or about July 24, 2000. I worked in the Chemical Division for twelve years. I was transferred to the Fire Division towards the beginning of 2012. I was employed as a Supervisor in the Fire Division and trained all employees. I would also fill in as a floater if any of the employees were out.

In January 2020, the Fire Division department was shut down, and employees were not told that we would be losing our positions. All the employees in the Fire Division started doing lab inspections and odd jobs. In mid-February 2020, I was asked to train two employees from the Fire Division to work in the Chemical Department. On March 31, 2020, Emily Warf, Human Resources, told me I was being furloughed along with everyone else in Manufacturing Department except, Reba Haley and Holly Ashcom, both white females. Ms. Haley and Ms. Ashcom were allowed to continue working during the furlough. I returned to work on August 17, 2020, and I asked my Supervisor, Jennifer Weaver, white female, why Ms. Haley and Ms. Ashcom were allowed to work after I had trained both employees and have twenty years seniority. Ms. Weaver replied, "I am appalled that you would be upset about not working." I replied, "Really? I am appalled that you would think that I wouldn't be upset." Ms. Weaver told me that I "could not do their jobs". However, I trained both employees and I am qualified to perform the duties included in their positions. On September 28, 2020, my employer had another layoff. I was allowed to stay and work and was reassigned to the Chemical Division to work as a Sealer, which is an entry level position. After working in the Sealer position, I developed an on-the-job injury and had severe damage to my right hand and arm. I continued to perform in this position because I had no choice if I wanted to keep my job.

(Continued on Page 2)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements<br><br>My Commission Expires 05/31/2023 |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>4-28-21    _Jacqueline Ellison_<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>Jacqueline Ellison<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>4-28-21 |

PAM NEW... NOTARY ... STATE AT LARGE

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 420-2021-01717 |

and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On October 9, 2020, I went to my doctor and I was referred to a Neurologist. I returned to work and provided my doctor's order to Ms. Weaver and she assigned me to work in the Reflective Division. On October 15, 2020, I was told by my Neurologist that I have Carpel Tunnel in both hands and needed to see an Orthopedic Surgeon. I was prescribed steroids and a special brace for my hands. On November 5, 2020, Ms. Weaver called me into her office to inform me I was being laid off again due to the lack of work. Reba Haley and Holly Ashcom were again allowed to continue working, along with other Caucasian and younger employees. To my knowledge no Caucasian employees were laid off at this time.

I returned to the Surgeon on November 8, 2020, to discuss the possibility of surgery. On November 10, 2020, I received a call from Emily Warf, Human Resources. Ms. Warf asked me to come in for a meeting at 1:00 p.m. on November 11, 2020. During the meeting Emily Warf and Jim Alyward, white male Plant Manager, offered me a General Release Severance Agreement that included a release of any claims I might have against my employer. I was then informed that my employment with Lakeland Industries had been terminated and my insurance coverage would end on November 30, 2020.

I believe I have been discriminated against because of my race (African American), and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I have been discriminated against because of my age, 56, in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe I have been discriminated against because of my disability and/or regraded as or perceived as disabled and retaliated against in violation of the ADA/ADAAA.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY—When necessary for State or Local Agency Requirements |
| | My Commission Expires 05/31/2023 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  Jacqueline Ellis |
| 4-28-21  Date  Jacqueline Ellis  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (month, day, year)  4-28-21 |

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

## DISMISSAL AND NOTICE OF RIGHTS

---

To: **Jacqueline Ellison**
(b) (7)(C) 1 line redacted
**Decatur, AL 35603**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street South**
**Birmingham, AL 35205**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2021-01717** | **KEVAN J. JACKSON,** **Investigator** | **(205) 651-7035** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MICHAEL COCHRAN

Digitally signed by MICHAEL COCHRAN
Date: 2021.11.01 07:28:04 -05'00'

Enclosures(s)

*For* **BRADLEY A. ANDERSON,**
**District Director**

*(Date Issued)*

cc:
**LAKELAND INDUSTRIES**
**c/o Taffi Stewart, Shareholder**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
**880 Montclair Road, Suite 100**
**Birmingham, Alabama 35213**

**Cynthia F. Wilkinson**
**WILKINSON LAW FIRM, PC**
**1717 3rd Avenue North**
**Suite A**
**Birmingham, AL 35203**